**Opinion filed March 17, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00050-CR
_____

## DEVON RAY SPARKS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR13329**

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, the trial court sentenced Devon Ray Sparks to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of sixteen years for the offense of engaging in organized criminal activity. The trial court additionally imposed a fine of $1,000. We dismiss the appeal for want of jurisdiction.

The trial court imposed the sentence in open court on May 3, 2010. A motion for new trial was not timely filed. Pursuant to TEX. R. APP. P. 26.2, the notice of appeal was due to be filed within thirty days after the date the sentence was imposed in open court. Appellant filed his notice of appeal on February 24, 2011, almost 300 days after the date the sentence was imposed.

A motion for extension of time was not filed within the time period provided for in TEX. R. APP. P. 26.3. Absent a timely notice of appeal or compliance with Rule 26.3, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522-24 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993); *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

The court notified appellant of the untimeliness of his notice of appeal in a letter dated February 25, 2011. In his written response to the court's letter, appellant acknowledges that his notice of appeal was untimely and that a timely motion for extension was not filed. He additionally seeks permission from this court to file an out-of-time appeal. We lack jurisdiction to grant an out-of-time appeal. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (Court of Criminal Appeals has exclusive authority to grant postconviction relief). Appellant may be able to secure an out-of-time appeal by filing a postconviction writ pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010).

The appeal is dismissed for want of jurisdiction.

PER CURIAM

March 17, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.